## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA

_____

**IN THE MATTER OF:**
Ronald Dean McGuire
Kerry Lynne McGuire
Chapter 7 Case
Case No: 2:09-bk-21025-RTB
SSN: --- -- 2096 & --- -- 5615
File Date: 8/28/2009
Our No: 1169

_____

## OBJECTION TO MOTION FOR RELIEF FROM STAY
## AND
## REQUEST FOR A PRELIMINARY HEARING

_____

**COMES NOW THE ABOVE-NAMED DEBTOR(S)**, by and through his attorney of record, pursuant to Section 362 of Title 11 of the United States Code, Section 1301 of Title 11 of the United States Code (if applicable), and Rule 9013-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Arizona, and hereby file this objection to the motion for relief from stay filed in this case and move the court for a preliminary hearing on all issues raised by the allegations in this case and for a subsequent final hearing on all of the said issues and allegations. The debtor(s) also deny for the purposes of this response that the movant has established sufficient legal grounds to justify the entry of an order granting it relief from the automatic stay.

The attorney for the debtor(s) also shows unto the court that he is filing this objection to preserve the rights of the debtor(s) to a court hearing in this matter and that he reserves the right to file an amended response after he has had an opportunity to personally meet with the debtor(s) for the purpose of reviewing the specific allegations in the said motion.

## <u>ALTERNATIVE AFFIRMATIVE DEFENSES</u>

1. **<u>ILLEGAL CHARGES ADDED TO BALANCE:</u>** The Movant upon information and belief has charged and/or collected and/or assessed charges and fees to the mortgage loan involved in this case for such things as property inspections, broker price opinions, property preservation expenses, corporate advances, attorney fees, recording fees, legal fees, foreclosure costs, assessments, advances, late fees and other charges, optional products and other predatory servicing fees and charges that are not authorized by or in conformity with the terms of the subject note and mortgage and that have never been approved by this Court after proper notice and a hearing. The Movant upon information and belief has wrongfully added and continues to unilaterally add these illegal charges and fees to the balance movant claims is due and owing under the subject note and mortgage. In addition, The Movant upon information and belief has failed to immediately apply all payments received from the Debtors and the Chapter 13 Trustee to the loan balance but rather has placed such payments in one or more corporate suspense or corporate forbearance accounts. The Debtors allege that such actions by the Movant have resulted in the addition of unlawful interest to the loan balance on daily basis and for the monthly assessment of unlawful late charges and other related fees.

2.  **FAILURE OF CONTRACTUAL CONDITION PRECEDENT: INVALID, INEFFECTIVE NOTICE OF DEFAULT**:  Movant failed to provide the attorney for the Debtors with a Notice of Default and Intent to Accelerate that complies the subject mortgage.  As a result, the Debtors have been denied a good faith opportunity pursuant to the mortgage and the servicing obligations of the movant to avoid the filing of a motion for relief from stay through loss mitigation, forbearance and workout programs.

3.  **MOVANT FAILED TO COMPLY WITH APPLICABLE FANNIE MAE/ FREDDIE MAC/Ginnie Mae SINGLE FAMILY LOAN SERVICING LAWS, REGULATIONS AND ORDERS**:
A.  Movant failed to provide the attorney for the Debtors with legitimate and non predatory access to the debt management and relief that must be made available to borrowers, facing temporary financial problems.  Such relief must include, among other things, temporary indulgence, a liquidating plan, and special forbearance designed to avoid residential foreclosure of single family loans secured by and/or underwritten by Fannie Mae, Freddie Mac, and/or Ginnie Mae.
B.  Movant failed its obligation to the Debtors to pursue effective foreclosure prevention strategies and did not evaluate the particular circumstances surrounding the claimed default; failed to evaluate the Debtors or the subject property; failed to determine the Debtors' capacity to pay the monthly payment amount or a modified payment amount; failed to ascertain the reason for the Debtors' claimed default, or the extent of the Debtors' interest in keeping the subject property.
C.  Movant failed to comply with the Fannie Mae, Freddie Mac and/or Ginnie Mae loss mitigation and foreclosure prevention servicing guidelines by failing to contact the attorney for the Debtors regarding the claimed mortgage delinquency to determine whether the debtors were facing a financial crisis or hardship.  As a result, the Movant failed to give the Debtors the opportunity to cooperate in resolving the claimed default.
D.  The Movant failed to avoid filing this motion for relief from the automatic stay on by not contacting the attorney for the Debtors by the 30th day of the claimed delinquency.  The Movant never asked the attorney for the Debtors to provide it with any information to determine the reason for the claimed non-payment.  Movant failed to inform the Debtors through counsel of the existence of the Fannie Mae, Freddie Mac and/or Ginnie Mae alternatives to foreclosure.  As a result, Movant has denied the Debtors the required opportunity to avoid foreclosure through early intervention upon delinquency pursuant to the Fannie Mae, Freddie Mac and/or Ginnie Mae servicing requirements and standards.
E.  Movant failed to comply with the controlling Fannie Mae, Freddie Mac and/or Ginnie Mae Single Family servicing guidelines before the filing of the motion for relief from stay by failing to inform the attorney for the Debtors in writing about the applicable foreclosure alternatives in a timely fashion, or at all.
F.  Movant failed its duty to the Debtors to manage the subject mortgage as required by the special foreclosure prevention workout programs which can include and allows for a restructuring of the loan allowing the borrower to pay out delinquent installments or advances to bring the mortgage current. Instead the Movant did the exact opposite of what the special foreclosure prevention workout programs are designed and intended to do.  The Movant further denied the Debtors access to special forbearance in the form of a written agreement that reduces or suspends the Debtors' monthly mortgage payments for a specific period to allow the debtors time to recover from a financial hardship.  Such a plan can involve changing one or more terms of the subject mortgage in order to help the debtors bring the claimed default current thereby preventing foreclosure.  Movant's failure to comply with the Fannie Mae, Freddie Mac and or Ginnie Mae repayment plan or special forbearance workout programs and rules has denied the Debtors the required access to explore alternatives to avoid foreclosure.

4.  **FAILURE OF GOOD FAITH AND FAIR DEALING:  UNFAIR AND UNACCEPTABLE LOAN SERVICING:**  Movant failed to act in good faith or to deal fairly with the Debtors by failing to follow the applicable standards of residential single family mortgage lending and

servicing as described in these Affirmative Defenses thereby denying the Debtors access to the residential mortgage servicing protocols applicable to the subject note and mortgage.

5. **UNCLEAN HANDS:** The Movant comes to court with unclean hands and is prohibited by reason thereof from obtaining relief from stay from this Court. The Movant's unclean hands result from the Movant's failure to comply with material terms of the mortgage and note; the willful failure of the Movant to comply with the requirements of Federal Law as described herein including but limited to Sections 362(a) and 506(b) of Title 11 of the United States Code and Rule 2016(a) of the Federal Rules of Bankruptcy Procedure; and the willful failure of the Movant to comply with the Federal Fair Debt Collections Practices Act and the applicable unfair Debt Collection Statute. As a matter of equity, this Court should refuse to grant relief from stay to the Movant to foreclose on this mortgage because acceleration of the note would be inequitable, unjust, and the circumstances of this case render acceleration unconscionable. This court should refuse to grant relief from stay and refuse the acceleration and deny foreclosure because Movant has waived the right to acceleration or is estopped from doing so because of misleading conduct and unfulfilled conditions.

6. **NO HUD COUNSELING NOTICE:** Movant failed to comply with the forbearance, mortgage modification and other foreclosure prevention loan servicing requirements imposed on Movant pursuant to the National Housing Act, 12 U.S.C. 1701x(c)(5) which requires the Movant to advise the Debtors of any home ownership counseling Movant may offer together with information about counseling offered by the United States Department of Housing and Urban Development. The Debtors allege that the United States Department of Housing and Urban Development has determined that 12 U.S.C. 1701x(c)(5) creates an affirmative legal duty on the part of the Movant and Movant's non-compliance is an actionable event that affects the Movant's ability to carry out foreclosure. Movant cannot legally pursue foreclosure unless and until Movant demonstrates compliance with 12 U.S.C. 1701x(c)(5).

### Alternative Affirmative Defense and Conditional Counter-Motion Requesting the Recovery of Legal Fees and Expenses Under 28 USC 1927

In the event the motion for relief from the automatic stay is withdrawn by the movant at any time prior to the conclusion of the final hearing on the merits or in the event this Court denies the motion for relief from stay based on one or more of the **Affirmative Defenses** pleaded herein or in the further event that the Court denies the motion upon a finding of one or more of the following facts:

1. This Court finds that the factual contentions in the motion were not based on a reasonable review of the account records of the debtors as maintained by the Master Servicer, the Primary Servicer, the Subservicer, the Default Servicer, the Movant, or any third-party vendor; or

2. This Court finds that the alleged default in payments by the debtors was based in whole or in part on any misapplication of payments from debtors by the Movant or any other party; or

3. This Court finds that the alleged default in payments by the debtors was based in whole or in part upon the use of payments made by the debtors for the payment of or the credit against any fees or expenses of any nature whatsoever related to or arising out of the debtors' mortgage loan that have not heretofore been approved by this Court after proper notice and hearing; or

4.      This Court finds that the factual contentions in the motion were not supported by the evidence in the account records of the debtors or, in the alternative, were inconsistent with the proofs of payment tendered as evidence by the debtors and duly admitted as evidence by this Court; or

5.      This Court determines that the motion was filed for some improper purpose such as to harass the debtors or to cause unnecessary delay or needlessly increase the cost of this Chapter 13 bankruptcy case.

Then and in the event any one or more of such findings are made by this Court then the debtors respectfully move this Court pursuant to the provisions of Section 1927 of Title 28 of the United States Code for the recovery of their legal fees and expenses in a sum equal to twice the presumed fee (or $900.00), or the hourly billing rate of the attorney for the debtors ($290.00), whichever amount is greater, and for the recovery of the debtors' expenses such as lost time from work, travel costs, telephone calls, postage, paying for bank records, securing and paying for money order or checking tracing and confirmation services, expenses incurred for the electronic tracing of payments and the like, from the Movant and/or the attorneys for the Movant.

In support of this conditional motion, the debtors show unto the Court that Section 1927 of Title 28 of the United States Code, regarding Counsel's liability for excessive costs, provides:

> *Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.*

A district court has the inherent power to assess attorney's fees against a party who has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 258-59 (1975) (internal quotations omitted). In this regard, if a court finds "that fraud has been practiced upon it, or that the very temple of justice has been defiled," it may assess attorney's fees against the responsible party. *Universal Oil Products Co. v. Root Refining Co.*, 328 U.S. 575, 580 (1946). In such instances, the imposition of sanctions "transcends a court's equitable power concerning relations between the parties and reaches a court's inherent power to police itself, thus serving the dual purpose of 'vindicat[ing] judicial authority without resort to the more drastic sanctions available for contempt of court and mak[ing] the prevailing party whole for expenses caused by his opponent's obstinacy.'" *Chambers v. Nasco*, 501 U.S. 32, 46 (1991) (quoting *Universal Oil*, 328 U.S. at 580).

**WHEREFORE,** the debtor(s) having responded to the motion for relief filed herein for the purpose of reserving their right to hearing before the court respectfully pray of the court as follows**:**

A.      That the debtor(s) be granted a **preliminary hearing** on all issues raised by the pleadings in this case;

B.      That if applicable the movant be ordered to **produce all current appraisal reports on the subject property, valuations, delinquency contact reports, mortgage inspection reports, property inspection reports, and all documents** prepared in connection with this loan before any court hearing;

C.  That the court require the movant to **produce a complete history of all receipts of payments since the filing of this case (from the Trustee and the Debtors) and a detailed summary of the application and disbursement of all such payments**;

D.   That if applicable the movant be ordered to provide the debtor(s) with **the name, address and telephone number of the current holder of the mortgage or note as provided for by Section 1641(f)(2) of Title 15 of the United States Code**;

E.   That if applicable the movant provide the debtor(s) with a list of each entity having any interest in the debt that is the subject of this motion including, but not limited to, any broker, table-funder, correspondent lender, originator, lender, warehouse lender, trustee, investor, trustee under a pooling and servicing agreement, servicer, sub-servicer, master-servicer, or similar party, and to identify each such party by full name, address, and a telephone number;

F.   That if applicable the movant be required to provide the debtor(s) for each party listed pursuant to Section E herein the consideration each entity received or disbursed for any interest it obtained or relinquished in the loan as well as the party it paid consideration to or received it from;

G.  That this response be treated as a written **Request for Production of the Documents** described herein, including the production of the lists and records as identified herein, said request being made pursuant to Rule 7034 of the Federal Rules of Bankruptcy Procedure and Rule 34 of the Federal Rules of Civil Procedure, and that **the court enter an order requiring such documents to be produced a least ten (10) days prior to any final hearing on this motion**;

H.  That this response be treated as a motion pursuant to Rule 9006(c)(1) of the Federal Rules of Civil Procedure for this court in its discretion without notice and a hearing to reduce the time period to respond to the request for production of documents as provided for herein to a period of no less than ten (10) days prior to the designated hearing date and that the movant be ordered to fax legible copies of said documents to the attorney for the debtor(s) or to transmit the same by an expedited or express mail service;

I.  That the court require the movant to establish all facts in this case by way of sworn testimony by qualified and competent agents and employees of the movant;

J.  That if applicable the motion be dismissed if the movant fails to produce all of the requested documents at least five (5) days before the hearing date as requested herein and that sanctions be awarded against the movant in the event thereof;

K.  That if applicable this motion be dismissed pursuant to Rules 7017, 7019, and 7020 of the Federal Rules of Bankruptcy Procedure for failure to prosecute the same in the name of the real party in interest, to join necessary and mandatory parties, or to include the Trustee under the Deed of Trust, or the Trustee under the Pooling and Servicing Agreement, as a necessary party;

L.  That if applicable this motion be dismissed for failure of the movant to comply with the mandatory claim transfer and assignment rules as provided for by Rule 3001(e) of the Federal Rules of Bankruptcy Procedure;

M.  That the debtor(s) be granted a **final hearing** on all issues raised by the pleadings in this case;

N.  That the attorney for the debtor(s) be awarded a non-base legal fee of $450.00 to be paid under the plan; and

O.  That the debtor(s) have such other and further relief as to the court may seem just and proper.


Dated this the _12th___ day of _October_ 2009

 /s/Walter E. "Pete" Moak
Walter E. "Pete" Moak
The Moak Law Firm
1820 E. Ray Rd.
Chandler, AZ 85225
Ph: 755-8000
Email: wem@TheMoakLawFirm.com

**CERTIFICATE OF SERVICE**

Walter E. "Pete" Moak, attorney of record in this case for the debtor(s), hereby certifies to the court as follows:

1.  I am not a party to this case;
2.  I am not less than 18 years of age;
3.  I have this day served a copy of the foregoing **OBJECTION TO MOTION,** on the parties listed below by placing the same in an envelope, first-class mail, postage prepaid, addressed to each person or entity as indicated below:

Debtors
Ronald Dean McGuire
Kerry Lynne McGuire
15801 N. 171st Dr..
Surprise, AZ  85388

**And via the Court's Electronic Case Filing System to:**

Attorney for Creditor
Mark S. Bosco
Leonard J. McDonald
2525 East Camelback Road, Suite 300
Phoenix, Arizona 85016

Chapter 7  Trustee
LOTHAR GOERNITZ
P.O. BOX 32961
PHOENIX, AZ 85064–2961
Telephone number: 602–263–5413


4.  To the best of my knowledge, information and belief, the parties in interest in this case are not infants or incompetent persons; and
5.  Service as outlined herein was made within the United States of America.

Dated this the  _12th_  day of October, 2009


/s/ Walter E. "Pete" Moak
Walter E. "Pete" Moak
The Moak Law Firm
1820 E. Ray Rd.
Chandler, AZ 85225
Ph: 755-8000
Email: wem@TheMoakLawFirm.com